UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DANIEL Q., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security,[1] <br><br> Defendant. | Case No. 4:23-cv-04123-SLD-JEH |

ORDER

Before the Court is Defendant Commissioner of Social Security's ("the Commissioner") Motion to Remand to the Commissioner, ECF No. 11. The Commissioner requests that the Court reverse his decision and remand the cause for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), which authorizes the Court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

On July 31, 2023, Plaintiff Daniel Q. filed suit against the Commissioner alleging that an administrative law judge ("ALJ") improperly determined he was disqualified from receiving social security benefits due to ownership of real estate. Compl. 1–2, ECF No. 1. On January 9, 2024, the Commissioner moved to remand, stating that he "agrees with Plaintiff that the ALJ did not properly determine whether he owned property in Virginia such that it precluded him from eligibility for Supplemental Security Income." Mot. Remand 1. Plaintiff opposes the Commissioner's motion because, in his view, "[a] remand of this matter to the [C]ommissioner

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley is substituted for his predecessor.

1

will simply result in the same finding that [Plaintiff] owned no real estate in Virginia as demonstrated . . . in [Plaintiff's] initial brief." Pl.'s Resistance Mot. Remand 1, ECF No. 12.

In determining whether a claimant is entitled to social security benefits, "the Commissioner is responsible for weighing the evidence, resolving conflicts and making independent findings of fact," meaning that "this Court may not decide the facts anew, re-weigh the evidence or substitute its own judgment for that of the Commissioner." *Powers v. Apfel*, 207 F.3d 431, 434 (7th Cir. 2000). "An award of benefits [by a court] is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005) (quotation marks omitted). Here, Plaintiff's income and whether it exceeds the eligibility levels for social security benefits is a factual determination to be made by the Commissioner. The Commissioner argues that remand is appropriate "[g]iven the complicated legal and factual analysis required under the agency's regulatory scheme and Virginia state law," and the Court agrees. Mot. Remand 2.

The Court finds the remand request appropriate. Accordingly, the Motion to Remand to the Commissioner, ECF No. 11, is GRANTED. The Commissioner's decision in this matter is REVERSED, and the cause is REMANDED to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Clerk is directed to enter judgment and close the case.

Entered this 5th day of April, 2024.

                                                                s/ Sara Darrow
                                                              SARA DARROW
                                   CHIEF UNITED STATES DISTRICT JUDGE